NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY LAMONT TAYLOR, | NO. C 05-71 JW |
| Plaintiff(s), | |
| v. | **ORDER OF DISMISSAL** |
| CORRECTIONAL OFFICER WOLFF, COX, TROTTEA, CATO, GRAY, LANG, MAZRIO, et al., | |
| Defendant(s). | |

Plaintiff initiated this civil rights suit on January 6, 2005, and was granted in forma pauperis status on September 13, 2005. Pursuant to 28 U.S.C. section 1915A, the Court must now screen the complaint.

Plaintiff essentially alleges that Defendants took his cd player/radio and other personal items, and verbally harassed and threatened him using racial epithets. Defendants' actions, even if true, do not rise to the level of a constitutional violation.

Order of Dismissal
P:\PRO-SE\SJ.Jw\CR.05\taylor71dismissal.wpd

First, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized,. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).[1] Therefore, Plaintiff's claim for deprivation of personal property is not cognizable under section 1983.

Second, allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F. Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). This is

---

[1] Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property. See Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir.), cert. denied, 493 U.S. 868 (1989).

Order of Dismissal
P:\PRO-SE\SJ.Jw\CR.05\taylor71dismissal.wpd   2

1  so even if the verbal harassment is racially motivated.  <u>See</u> <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1252
2  (9th Cir. 1982) (federal court cannot order guards to refrain from using racial slurs to harass
3  prisoners); <u>Burton</u>, 791 F.2d at 101 n.1 (use of racial slurs in prison does not offend Constitution).
4      Accordingly, this action is DISMISSED with prejudice.  The clerk shall terminate any
5  pending motions.
6  Dated: May 8, 2006

*/s/ James Ware*
JAMES WARE
United States District Judge

United States District Court
For the Northern District of California

Order of Dismissal
P:\PRO-SE\SJ.Jw\CR.05\taylor71dismissal.wpd   3

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

2  Jeffrey Lamont Taylor
D41759
3  Salinas Valley State Prison
P. O. Box 1060
4  Soledad, Ca 93960-1060

6  **Dated: May 9, 2006**                    **Richard W. Wieking, Clerk**

                                **By:__/s/_____**
8                                   **Melissa Peralta**
                                    **Courtroom Deputy**

28  Order of Dismissal
P:\PRO-SE\SJ.Jw\CR.05\taylor71dismissal.wpd

**United States District Court**
For the Northern District of California